The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, AR 72764
Dear Representative McJunkin:
This is in response to your request for an opinion on the following question:
 Is a constitutional amendment necessary to authorize the General Assembly to establish procedures by which the personal property taxes on motor vehicles could be assessed and collected at the time of vehicle registration or renewal of registration with the state?
It is my opinion that the answer to this question is "no". Article 16, Section 5 of the Constitution of Arkansas establishes the requirement that the basis of valuation for taxation purposes shall be "equal and uniform throughout the State." However, this provision does not appear to address assessment and collection timing procedures. Indeed, the time for assessment and payment of personal property taxes is currently governed by legislative enactment. See, e.g., A.C.A. 26-26-1408 (Adv. Code Serv. 1988).
It is also significant to note that the Arkansas Supreme Court has confirmed the legislature's power to establish the assessment period for different classes of property, as well as the mode of assessment. St. Louis, I.M.S. Ry. v. Worthen, 52 Ark. 529,12 S.W. 254 (1889). This ruling has been neither repealed nor modified. There is thus authority for the proposition that these procedures are within the province of the legislature.
We find no Arkansas constitutional impediment to legislative action in this regard.[1] See also Earnhart v. Heath,369 F. Supp. 259 (E.D.Ark. 1974); Wells v. Malloy, 402 F. Supp. 856 (D.Vt. 1975). It is therefore my opinion that amendment of our constitution is not necessary in order for the General Assembly to enact procedures for the assessment and collection of personal property taxes on motor vehicles at the time of vehicle registration or registration renewal.
As a final note, however, consideration must also be given to the various rights which may attach during the assessment process. In this regard, it is my opinion that statutory rights of appeal from assessment valuations should be maintained. Additionally, the legislation should seek to enforce uniformly the collection of the tax. See., e.g., Pulaski County Board of Equalization v. American Republic Life Insurance, 233 Ark. 124, 342 S.W.2d 660 (1961); Wells v. Malloy, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] It should be recognized, however, that a three-fourths (3/4) vote of the members of each house will be necessary if the legislation seeks to establish methods and procedures for the valuation of property. Const. Ark. Art. 16, 5. The "equal and uniform" requirement set forth under Art. 16, 5 will also apply in that instance.